SAME OASE-ON EE-HEA BING.
Swing, J.
■We have reconsidered the matter in controversy here upon the questions raised in the brief of defendant.
Our conclusion, however, remains the same. Without •considering whether the contract signed and intended to be the conti act is in fact the contract between the parties, or whether the ordinance and the bond constitute the contract, in either event the plaintiff is entitled to an injunction. We •think the ordinance is invalid on one ground at least, and that is that it is an ordinance granting certain rights to the •company for the term of fifteen years, and one of the agreements is contained in section fifteen of the ordinance which ¡•seeks to exempt them from taxation during the time said plant shall be operated by said company; and by section six ■of the ordinance the company was granted the right to operate for the term of fifteen years. This ordinance says: “Hereby and herein granted and conferred, shall remain in :full force and effect, commencing with the acceptance of this ordinance, and ending fifteen years thereafter.” Ten years was the limit for which the village might contract; but it has agreed to either exempt from taxation the company’s property, or else to pay the company a sum equal to ■the amount of the municipal taxes levied against it.
With the filing of the brief for a re-hearing the Electric Light Company asked leave to be made a defendant and file an answer. Such request should only be granted in the interests of justice. It does not seem to me that any interests of justice will be subserved by allowing it to be filed. The company waited until after the judgment had been rendered, and made no effort to be made a party, although its •attorney appeared as assisting the village in the trial of the, •case. So that there is no question of surprise or want of knowledge of the pendency of the action, but, in fact, the ■company stood by until the case was decided.
On the question of the merits of the controversy we have *509 this to say in this connection, that in onr opinion it was a very improvident contract for the village to make. With a possible yearly income of about $8,000, it was proposed by this ordinance to expend nearly $6,000 for electric lighting. No comment need be made on such conduct. The company will not now be aided in getting into this case, but will be left to work out its rights without regard to this action.
F. H. Kinney, and Hollister & Hollister, for Plaintiff,
W. J. Davidson, and Edwin Gholson, for the Village.